1  Nathan Fransen, SBN 242867
2  Paul J. Molinaro, SBN 242879
   Fransen & Molinaro, LLP
3  980 Montecito Drive, Suite 206
   Corona, CA 92879
4  Tel. (951)520-9684 / Fax (951)284-1089
5  nfransen@fransenandmolinaro.com
6  pmolinaro@fransenandmolinaro.com

7

8              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9

10 CRAMER ENGINEERING, INC., a          )  Civil Action:
   California Corporation               )
11                                      )
                                        )
12     Plaintiff,                       )  **NOTICE OF REMOVAL OF**
13                                      )  **ACTION; UNDER 28 U.S.C. § 1441(a)**
                                        )  **(FEDERAL QUESTION)**
14     v.                               )
                                        )
15 LEXANI INTERNATIONAL, INC.           )  Attached Documents:
   DBA ASANTI, a California             )
16 Corporation; SERGIU ANCA, an         )
   individual; BLAGA PRECISION,         )  Exhibit A: Plaintiff's Original Complaint
17 INC., a California Corporation;       )  Exhibit B: Plaintiff's Summons
   GAVRIL BLAGA, an individual; and     )  Exhibit C: Order entered in state court
18 DOES 1-100 Inclusive,                )  action
                                        )
19                                      )
20     Defendants.                      )
                                        )
21 _____

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that defendants Lexani International, Inc., dba Asanti and Sergiu Ana (hereafter "Defendants") hereby remove to this Court the state court action described below.

1. On April 19, 2013 an action was commenced in the Superior Court of the State of California in and for the County of Riverside entitled <u>Cramer Engineering, Inc., v. Lexani International, Inc.,</u> as case number RIC1304683, attached hereto and marked as "Exhibit A".

2. The first date upon which defendants received a copy of the said complaint was April 22, 2013, when defendants were served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto and marked as "Exhibit B".

3. On April 22, 2013, Plaintiff applied ex parte for a temporary restraining order enjoining Defendants from "obtaining accessing, using, retaining, utilizing or disclosing CRAMER ENGINEERING'S confidential, proprietary trade secret information". The application was granted and a temporary restraining order was entered on April 22, 2013, a true and correct copy of which is attached hereto and marked as "Exhibit C".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under federal law, specifically Copyright law, Title 17 of the United States Code. Plaintiff's fifth cause of action alleges Defendants are liable for Copyright Infringement.

5. The allegations describe the theft of certain trade secret information and programs. The allegations also state that the Plaintiff is "the author of the proprietary trade secret information, which includes engineering and designs

FRANSEN ___OLINARO, LLP
980 MONTEL___o DRIVE, SUITE 206
CORONA, CA 92879
TEL. (951)520-9684

1   for wheels and driveline components, and is the owner of valid copyright for

2   all of the information so created." (Exhibit A -- Complaint, ¶ 50).

3   6. Plaintiff's remaining state law claims may be removed and adjudicated by this

4      Court pursuant to 28 U.S.C. § 1441(c).

5   7. This civil action arises in the City of Corona and County of Riverside based

6      on Plaintiff's allegations that a substantial part of the events occurred in

7      Corona, California.

8   8. All defendants known to have been served with Summons and complaint have

9      joined in this Notice of Removal.  Defendants are unaware as of this filing if

10     Defendant Blaga Precision, Inc. or Gravil Blaga, have been served but neither

11     have appeared in the state court action as of this notice.

12   **WHEREFORE**, Defendants pray that the above action now pending in the

Superior Court of the State of California in and for the County of Riverside be

removed in its entirety to this Court for all further proceedings, pursuant to 28

U.S.C. § 1441 *et. seq.*

17   Dated:  May 2, 2013

     FRANSEN & MOLINARO, LLP

     Nathan Fransen
     Attorneys for Defendants Lexani International, Inc.
     and Sergiu Anca

FRANSEN   MOLINARO, LLP
980 MONTECITO DRIVE, SUITE 206
CORONA, CA 92879
TEL. (951)520-9684

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen &amp; Molinaro, LLP
980 Montecito Drive, Suite 206
Corona, CA 92879
Tel. (951) 520-9684

**EXHIBIT A**

1  LAW OFFICES OF ERIC MICHAEL PAPP
   Eric Michael Papp. CSB No.: 180077
2  495 East Rincon Street. Suite 125
   Corona. CA 92879
3  Tel (951) 279-6700
   Fax (951) 279-6716
4
   Attorneys for Plaintiff CRAMER ENGINEERING. INC.
5

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 19 2013

A. Sanchez

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## COUNTY OF RIVERSIDE

8

9  CRAMER ENGINEERING. INC.. a California
10 Corporation.

11            Plaintiff.

12       v.

13 LENANI INTERNATIONAL. INC.. DBA
   ASANTE. a California Corporation: SERGIU
14 ANCA. an individual: BLAGA PRECISION.
   INC.. a California Corporation: GAVRIL
15 BLAGA. an individual: and DOES 1-100.
   Inclusive.
16
             Defendants.
17

18

19

20

21

22

Case No.: RIC 1304363

COMPLAINT

1. TRESPASS;

2. BREACH OF THE COVENANT OF
   QUIET ENJOYMENT;

3. WRONGFUL EVICTION;

4. THEFT OF TRADE SECRETS;

5. COPYRIGHT INFRINGEMENT;

6. CONVERSION.

[UNLIMITED CIVIL - AMOUNT
DEMANDED EXCEEDS $25.000]

DEMAND FOR JURY TRIAL

PUNITIVE DAMAGES SOUGHT

INJUNCTIVE RELIEF SOUGHT

23

24        PLAINTIFF. CRAMER ENGINEERING. INC. (hereinafter "Plaintiff" or "CRAMER

25 ENGINEERING"). hereby alleges as follows:

26        1.        Plaintiff. was at all times herein mentioned. a California corporation. qualified to

27 do business and doing business in the County of Riverside. State of California. Plaintiff is in the

28 business of engineering and machining custom luxury wheels for "high end." exotic automobiles

1
COMPLAINT

1   and motorcycles as well as driveline components.

2       2.     LEXANI INTERNATIONAL, INC., DBA ASANTI (hereinafter "LEXANI" or

3   "ASANTI") is a California corporation, qualified to do business and doing business in the County

4   of Riverside, State of California.

5       3.     SERGIU ANCA, an individual (hereinafter "ANCA") is a an individual, residing

6   in the County of Orange, State of California.  ANCA is the sole shareholder and president of

7   LEXANI INTERNATIONAL, INC. DBA ASANTI.

8       4.     BLAGA PRECISION, INC. (hereinafter "BLAGA PRECISION") is a California

9   corporation, qualified to do business and doing business in the County of Riverside, State of

10  California.  BLAGA PRECISION is in the same business as plaintiff.

11      5.     GAVRIL BLAGA, an individual (hereinafter "BLAGA") is a an individual,

12  residing in the County of Orange, State of California.  On information and belief, BLAGA is the

13  sole owner and president of BLAGA PRECISION.

14      6.     The defendants are sometimes collectively referred to as "Defendants."

15      7.     The unlawful practices and acts as alleged herein occurred in the County of

16  Riverside, State of California.

17      8.     The exact identities of the fictitiously named defendants, Does 1-100, are presently

18  unknown, and when they are identified this complaint will be amended accordingly.  Defendant

19  Does 1-100 were in some manner, presently unknown, responsible for the injuries suffered by the

20  Plaintiff and the damages due to it and when said capacities are known to Plaintiff, this complaint

21  will be amended accordingly.

22

23  **GENERAL FACTS**

24

25      9.     On or about September 14, 2009, CRAMER ENGINEERING entered into a

26  sublease agreement with LEXANI regarding the space identified as 2652 Research Drive, Suite A,

27  Corona, CA 92882.

28      10.    The property located at 2652 Research Drive, Corona, CA 92882, consists of two

1  separate "suites." LEXANI occupies Suite B of the same building. Both "suites" (A and B)

2  contain office space and completely partitioned warehouse space. The warehouse partition

3  demising wall was originally installed by LEXANI.

4      11.    On or about March 11, 2013, ANCA and a computer "hacker" broke into and

5  entered the CRAMER ENGINEERING office suite after hours. The "hacker" is believed to be an

6  employee of BLAGA PRECISION and BLAGA.

7      12.    ANCA and the "hacker" proceeded to "hack" into a CRAMER ENGINEERING

8  computer work station and over the course of the next three (3) hours, downloaded more than five

9  million dollars ($5,000,0000) worth of proprietary intellectual property including proprietary

10 computer software used to operate CRAMER ENGINEERING machinery which are used to cut

11 wheel designs as well as the designs themselves and other proprietary trade secret information.

12 This proprietary trade secret information is not generally know in the industry and is extremely

13 valuable because CRAMER ENGINEERING derives economic value from the proprietary trade

14 secret information not being publically available or known.  CRAMER ENGINEERING took all

15 reasonable steps to protect the proprietary trade secret information by requiring computer

16 passwords and logins; having security systems in place; and limiting access to the information.

17     13.    The copied and stolen proprietary intellectual property belongs exclusively to

18 CRAMER ENGINEERING and is vital to CRAMER ENGINEERING'S  operations.  Moreover,

19 also copied and stolen was the intellectual property of ASANTI'S direct competitors for whom

20 CRAMER ENGINEERING also does work.

21     14.    The break in by ANCA and the "hacker" was captured on surveillance video and

22 the exact contents of what was illegally downloaded has been examined and put into a report by a

23 computer forensic company.

24     15.    A police report was filed by CRAMER ENGINEERING regarding the break in and

25 theft and a Corona Police Department detective has been assigned to the case.  The above

26 evidence has been supplied to the Corona Police Department and given over to the detective in

27 charge.  Given the nature of the crime (computer intrusion), the matter was also reported to the

28 FBI's local field office in Los Angeles and a report taken for their investigation and possible

1    prosecution. The process of gathering evidence and determining what was stolen from CRAMER

2    ENGINEERING by ANCA and the "hacker" took a number of weeks to complete. On or about

3    April 17, 2013, ANCA was arrested by the Corona Police Department and charged with a felony

4    regarding the aforementioned theft.

5           16.    On information and belief, the proprietary intellectual property of CRAMER

6    ENGINEERING was taken to defendant BLAGA PRECISION and BLAGA where it remains.

7    BLAGA PRECISION and BLAGA have been and continue to use, without permission, the copied

8    stolen intellectual property of CRAMER ENGINEERING.

9           17.    Once conclusive evidence was ascertained, ANCA was confronted with the break

10   in and theft. At that point, ANCA immediately proceeded to engage in a forcible detainer of the

11   CRAMER ENGINEERING space (Suite "A".) This ouster included changing of the locks on

12   doors, gates and fencing; blocking ingress and egress by the use of trucks, pallets, heavy

13   machinery, and cars; threats of violence and intimidation tactics by ASANTI employees and other

14   hired people; termination of electrical services, including those to the security cameras of

15   CRAMER ENGINEERING; and use, without permission and while locked out, of CRAMER

16   ENGINEERING'S machinery and proprietary intellectual property. Almost all of the activities of

17   ASANTI and ANCA and the individuals they employ has been captured on video.

18          18.    Numerous demands were and continue to be made by CRAMER ENGINEERING

19   for the immediate possession of the premises. Counsel for CRAMER ENGINEERING sent

20   ASANTI'S counsel a letter demanding immediate possession of the space (Suite "A"). All

21   requests and demands have been rejected as ASANTI and ANCA continued to occupy the space

22   of CRAMER ENGINEERING; denied CRAMER ENGINEERING access to the premises; and

23   interfered with CRAMER ENGINEERING'S business on the premises.

24          19.    During this period, ASANTI and ANCA continued to exert pressure on CRAMER

25   ENGINEERING to keep them from the premises (Suite "A"), while not following settled law

26   regarding CRAMER ENGINEERING'S tenancy. This pressure included, but is not limited to

27   actual physical force and violence; threats of violence; blocking of ingress and egress with heavy

28   machinery, automobiles and other materials; interruption of electrical services; theft of CRAMER

COMPLAINT

1  ENGINEERING property; and specious litigation tactics.

2      20.   Then, despite initially denying CRAMER ENGINEERING'S tenancy of 2652

3  Research Drive, Suite A, Corona, CA 92882 and using a fallacious legal position to continually

4  trespass into Suite A and engage in a forcible detainer, on or about April 10, 2013 ASANTI

5  caused to be served a Three (3) Day Notice to Pay or Quit the premises on CRAMER

6  ENGINEERING.

7      21.   While attempting to depart from the premises (Suite "A"), ASANTI and ANCA

8  and their employees and other hires have continually harassed and interfered with CRAMER

9  ENGINEERING and its employees including actual violence and threats of violence; blocking

10  ingress and egress to the premises (Suite "A"); interruption of electrical services; and theft of

11  CRAMER ENGINEERING'S property.  Such is the level of intrusion into the premises by

12  ASANTI and ANCA, that CRAMER ENGINEERING employees have been force to keep twenty-

13  four (24) hour presence on the premises (Suite "A") to video tape the forcible detainer and to

14  avoid additional theft and damage to CRAMER ENGINEERING'S property.  The twenty-four

15  hour presence by CRAMER ENGINEERING has been met with additional violence and threats of

16  violence by ASANTI, ANCA and their employees and hires.  Apart from this action, CRAMER

17  ENGINEERING has been forced to seek a "Stay Away" restraining order to preclude any further

18  physical or verbal contact by ANCA. (Riverside Superior Court Case No. RIC1304516.)

19      22.   In this regard, without immediate injunctive relief requiring ASANTI, ANCA,

20  BLAGA PRECISION and BLAGA and those acting in concert with them to immediately return

21  all CRAMER ENGINEERING'S proprietary trade secret information or further accessing or using

22  the proprietary trade secret information, CRAMER ENGINEERING will suffer irreparable harm.

23  Conversely, the Defendants will suffer no harm as they have no lawful right to possess, access or

24  use CRAMER ENGINEERING'S proprietary trade secret computer designs, engineering and

25  programming.  CRAMER ENGINEERING is entitled to immediate injunctive relief to reclaim

26  this information.  CRAMER ENGINEERING has no adequate remedy at law to fully protect it.

27  The value of CRAMER ENGINEERING'S proprietary trade secret information will be severely

28  diminished if the Defendants are not required to immediately return, cease any use and account for

1  the proprietary trade secret information they have unlawfully copied and stolen and currently use.

2          23.     CRAMER ENGINEERING brings this action to protect its trade secret and

3  confidential information and to seek redress from the harm that the Defendants' wrongful conduct

4  has caused and will cause to CRAMER ENGINEERING.  CRAMER ENGINEERING seeks an

5  injunction and an appropriate order, as more fully described in the prayer below: (a) to enjoin the

6  Defendants from directly or indirectly disclosing or utilizing CRAMER ENGINEERING'S

7  confidential, proprietary and/or trade secret information; (b) require the Defendants to return all of

8  CRAMER ENGINEERING'S property, computer files and trade secret information; and (c)

9  require the Defendants to account for the whereabouts of CRAMER ENGINEERING'S property,

10 computer files and trade secret information.

11

12                       **FIRST CAUSE OF ACTION**
                              **TRESPASS**
13                 **(Against ASANTI, ANCA and DOES 1-100)**

14          24.     Plaintiff incorporates paragraphs 1 through 23 above as if fully set forth herein.

15          25.     On or about September 14, 2009, CRAMER ENGINEERING entered into a

16 sublease agreement with LEXANI regarding the space identified as 2652 Research Drive, Suite A,

17 Corona, CA 92882.

18          26.     As described above, defendants ASANTI, ANCA and DOES 1-100 intentionally

19 entered the plaintiff's property.

20          27.     Plaintiff did not give the defendants permission for the entry.

21          28.     Plaintiff was actually harmed by the unauthorized entry onto its property.  These

22 acts were done willfully and maliciously, with the deliberate intent to injure CRAMER

23 ENGINEERING, thereby entitling CRAMER ENGINEERING to exemplary damages according

24 to proof.

25          29.     The defendants' entry and conduct was a substantial factor in causing the

26 plaintiff's harm.

27

28

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF QUIET ENJOYMENT
(Against ASANTI, ANCA and DOES 1-100)

30.   Plaintiff incorporates paragraphs 1 through 29 above as if fully set forth herein.

31.   Every lease contains an implied covenant of quiet enjoyment, whereby the landlord impliedly covenants that the tenant shall have quiet enjoyment and possession of the premises.

32.   The covenant of quiet enjoyment insulates the tenant against any act or omission on the part of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy.

33.   As described above, ASANTI and ANCA breached the covenant by, among other acts, ousting CRAMER ENGINEERING from the premises (Suite "A"). These acts were done willfully and maliciously, with the deliberate intent to injure CRAMER ENGINEERING, thereby entitling CRAMER ENGINEERING to exemplary damages according to proof.

34.   The ASANTI'S and ANCA'S ouster and conduct were a substantial factor in causing the plaintiff's harm.

## THIRD CAUSE OF ACTION
## WRONGFUL EVICTION
(Against ASANTI, ANCA and DOES 1-100)

35.   Plaintiff incorporates paragraphs 1 through 34 above as if fully set forth herein.

36.   As described above, plaintiff was a tenant of the premises (Suite "A") and had been for more than three years prior to the events described herein.

37.   ASANTI and ANCA invaded and interfered with plaintiff's lawful possession of the premises (Suite "A") which resulted in plaintiff's eviction from the premises without legal process.

38.   As described above, the invasion by ASANTI and ANCA was intentional, unreasonable and substantial. These acts were done willfully and maliciously, with the deliberate intent to injure CRAMER ENGINEERING, thereby entitling CRAMER ENGINEERING to exemplary damages according to proof.

39.   ASANTI'S and ANCA'S actions and conduct were a substantial factor in causing

7

COMPLAINT

1   the plaintiff's harm.

2

### FOURTH CAUSE OF ACTION
3   **THEFT OF TRADE SECRETS**
   **(Against All Defendants)**

4

5       40.    Plaintiff incorporates paragraphs 1 through 39 above as if fully set forth herein.

6       41.    At all relevant times, CRAMER ENGINEERING was in possession of trade secret

7   information as defined by California's Uniform Trade Secret Act ("CUTSA"), Civil Code section

8   3426.1(d).  As described above, defendants ASANTI and ANCA along with a computer "hacker"

9   believed to be an employee of BLAGA PRECISION and BLAGA, broke into and entered

10  CRAMER ENGINEERING'S premises (Suite "A") and stole the proprietary trade secret

11  information from a CRAMER ENGINEERING computer.  The stolen proprietary information

12  constitutes trade secrets because CRAMER ENGINEERING derives independent economic value

13  from that information, the information is not generally known or readily ascertainable by proper

14  means by other persons who can obtain economic value from its disclosure or use and because the

15  information is the subject of reasonable efforts to maintain its secrecy.

16      42.    CRAMER ENGINEERING has confirmed that the Defendants have actually

17  misappropriated and continue to misappropriate CRAMER ENGINEERING'S trade secrets in

18  violation of the CUTSA.

19      43.    The Defendants continue to possess CRAMER ENGINEERING'S trade secret

20  information in an electronic format on the storage device (laptop computer) to which they

21  downloaded all of the trade secret information during their break-in of the CRAMER

22  ENGINEERING premises (Suite "A").

23      44.    The Defendants intend to improperly use and disclose CRAMER

24  ENGINEERING'S trade secrets to others in violation of the CUTSA.

25      45.    The Defendants will continue to wrongfully use CRAMER ENGINEERING'S

26  trade secrets unless enjoined.

27      46.    As a proximate result of the Defendants' misappropriation of CRAMER

28  ENGINEERING's trade secrets, CRAMER ENGINEERING has suffered, and will continue to

1 suffer, irreparable harm.

2     47.    Because CRAMER ENGINEERING'S remedy at law is inadequate, CRAMER

3 ENGINEERING seeks temporary, preliminary and permanent injunctive relief. CRAMER

4 ENGINEERING is threatened with losing customers, technology, its competitive advantage, its

5 trade secrets and goodwill in amounts which may be impossible to determine, unless the

6 Defendants, and each of them, is enjoined and restrained by order of this court.

7     48.    The Defendants' actual misappropriation has been willful and malicious,

8 particularly in light of the after hours break-in of the CRAMER ENGINEERING premises by

9 ASANTI, ANCA and the computer "hacker" to steal the trade secrets as herein described.

10 Therefore, CRAMER ENGINEERING is entitled to an award of punitive and other damages and

11 attorney's fees pursuant to Civil Code sections 3426.3(c) and 3426.4.

12

13                      **FIFTH CAUSE OF ACTION**

                     **COPYRIGHT INFRINGEMENT**

14                      **(Against All Defendants)**

15     49.    Plaintiff incorporates paragraphs 1 through 48 above as if fully set forth herein.

16     50.    CRAMER ENGINEERING, as the author of the proprietary trade secret

17 information, which includes engineering and designs for wheels and driveline components, and is

18 the owner of valid copyright for all of the information so created.

19     51.    As described above, ASANTI and ANCA broke into and copied, wholesale, all of

20 CRAMER ENGINEERING'S original trade secret information and programs.  This stolen

21 information is also now in the possession of BLAGA PRECISION and BLAGA.

22     52.    The Defendants continue to possess, use, copy and disseminate CRAMER

23 ENGINEERING'S copyright protected information.

24     53.    The Defendants' infringement has damaged CRAMER ENGINEERING in an

25 amount to be proven at trial.

26     54.    The acts of the Defendants were done willfully and maliciously, with the

27 deliberate intent to injure CRAMER ENGINEERING, thereby entitling CRAMER

28 ENGINEERING to exemplary damages according to proof.

## SIXTH CAUSE OF ACTION
### CONVERSION
### (Against ASANTI, ANCA and DOES 1-100)

55.     Plaintiff incorporates paragraphs 1 through 54 above as if fully set forth herein.

56.     Plaintiff is the owner of the following property: Cutter Master Tool Grinder; Rotary Indexer; FlexArm Tapper; and a Pallet Jack.

57.     ASANTI and ANCA have taken the above-referenced property and refused to return it after demands by CRAMER ENGINEERING.

58.     Plaintiff did not consent to ASANTI or ANCA taking the property.

59.     Plaintiff has been harmed by the loss of the property.

60.     ASANTI'S and ANCA'S actions and conduct were a substantial factor in causing the plaintiff's harm.

61.     The acts of ASANTI and ANCA were done willfully and maliciously, with the deliberate intent to injure CRAMER ENGINEERING, thereby entitling CRAMER ENGINEERING to exemplary damages according to proof.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

### FIRST CAUSE OF ACTION

1.     Compensatory Damages According to Proof;

2.     Exemplary and/or Punitive Damages;

3.     Costs of Suit; and

4.     For such other and further relief as the court may deem just and proper.

### SECOND CAUSE OF ACTION

5.     Compensatory Damages According to Proof;

6.     Exemplary and/or Punitive Damages;

7.     Costs of Suit; and

8.     For such other and further relief as the court may deem just and proper.

**THIRD CAUSE OF ACTION**

9.     Compensatory Damages According to Proof;

10.    Exemplary and or Punitive Damages;

11.    Costs of Suit: and

12.    For such other and further relief as the court may deem just and proper.

**FOURTH CAUSE OF ACTION**

13.    Temporarily, preliminarily and permanently enjoining the Defendants and each of them and all persons or entities acting in concert or participation with the Defendants from directly or indirectly:

   a.     obtaining, accessing, using, retaining, utilizing or disclosing CRAMER ENGINEERING'S confidential, proprietary trade secret information;

   b.     accessing, retrieving, copying, transmitting or disseminating any and all hard copies or electronic data containing CRAMER ENGINEERING'S trade secrets and/or confidential information and/or any other CRAMER ENGINEERING'S data, documents or property; or

   c.     deleting, destroying, shredding, altering, erasing or otherwise modifying or causing or permitting anyone else to delete, destroy, shred, alter, erase or otherwise modify any evidence relating to this action.

14.    Requiring the immediate disclosure and return to CRAMER ENGINEERING of all misappropriated materials, including all media and electronic storage devices and virtual repositories:

15.    Requiring the production of all electronic devices operated by the Defendants for inspection to verify use, access, disclosure, printing, copying and return of all CRAMER ENGINEERING property; and the production of all passwords and links for all online storage areas utilized by the Defendants for inspection:

16.    Compensatory Damages According to Proof;

17.    Exemplary and/or Punitive Damages;

---

11

COMPLAINT

18.  Attorney's fees and Costs of Suit;

19.  That the Defendants be ordered to disgorge all improper benefits, profits and/or gains;

20.  For an accounting of the misuses of CRAMER ENGINEERING'S property and other unlawful acts;

21.  For a constructive trust for the benefit of CRAMER ENGINEERING to be imposed on all funds, assets, revenues and profits derived from the unlawful acts and misappropriation of CRAMER ENGINEERING'S information and property;

22.  For prejudgement and post judgment interest at the maximum legal rate; and

23.  For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

24.  Compensatory Damages;

25.  Statutory Damages;

26.  All Profits Attributable to the Infringement;

27.  Exemplary and/or Punitive Damages;

28.  Attorneys' Fees and Costs of Suit; and

29.  For such other and further relief as the court may deem just and proper.

## SIXTH CAUSE OF ACTION

30.  Compensatory Damages;

31.  Immediate Return of all Converted Property;

32.  Exemplary and/or Punitive Damages; and

33.  For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CRAMER ENGINEERING, hereby demands a trial by jury in the above-captioned matter on all matters so triable.

Dated: April 18, 2013                    LAW OFFICES OF ERIC MICHAEL PAPP


                                         _____
                                         ERIC MICHAEL PAPP
                                         Attorneys for Plaintiff, CRAMER ENGINEERING, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Franset ' Molinaro, LLP
980 Montel...o Drive, Suite 206
Corona, CA 92879
Tel. (951)520-9684

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KRAMER ENGINEERING, INC., a California Corporation,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 19 2013

A. Sanchez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEXANI INTERNATIONAL, INC., DBA ASANTI, a California
Corporation; SERGIU ANCA, an individual;

---

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso)*: |
|---|---|
| Riverside Superior Court-Historic Courthouse  4050 Main Street  Riverside, CA 92501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Eric Michael Papp, Eric Michael Papp, Esq., CSB # 180077, 495 East Rincon Street, Suite 125
Corona, CA 92879. Tel: 951-279-6700; Fax: 951-279-6716; E-Mail: epapp@ca-nvlaw.com

| DATE: *(Fecha)* APR 19 2013 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.     Sergiu Anca
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cramer Engineering, Inc., v. Lexani International, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons

▶ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BLAGA PRECISION, INC., a California Corporation; GAVRIL BLAGA, an individual; and DOES 1-100, Inclusive.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FRANSEN MOLINARO, LLP
980 MONTECITO DRIVE, SUITE 206
CORONA, CA 92879
TEL. (951)520-9684

**EXHIBIT C**

NOTICE OF REMOVAL
(Cramer Engineering v. Lexani International, Inc.)

4|22

12

1  LAW OFFICES OF ERIC MICHAEL PAPP
   Eric Michael Papp, CSB No.: 180077
2  495 East Rincon Street, Suite 125
   Corona, CA 92879
3  Tel (951) 279-6700
   Fax (951) 279-6716
4
   Attorneys for Plaintiff CRAMER ENGINEERING, INC.
5

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 22 2013

6
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                              **COUNTY OF RIVERSIDE**
8

9  | CRAMER ENGINEERING, INC., a California | ) | Case No.: **RIC 1304683**
10 | Corporation, | )
   |  | )
11 |                Plaintiff, | )  | ~~[PROPOSED]~~ **TEMPORARY**
   |  | )  | **RESTRAINING ORDER AND ORDER**
12 |        v. | )  | **TO SHOW CAUSE RE: PRELIMINARY**
   |  | )  | **INJUNCTION AGAINST ALL**
13 | LEXANI INTERNATIONAL, INC., DBA | )  | **DEFENDANTS**
   | ASANTI, a California Corporation; SERGIU | )
14 | ANCA, an individual; BLAGA PRECISION, | )
   | INC., a California Corporation; GAVRIL | )
15 | BLAGA, an individual; and DOES 1-100, | )
   | Inclusive, | )
16 |  | )
   |                Defendants. | )
17 |  | )
   |  | )
18 |  | )
   |  | )
19 |  | )
   |  | )
20 |  | )
   |  | )
21 |  | )
   |  | )
22 |  | )

23  ///

24  ///

25  ///

26  ///

27  _____ 1 _____

28  [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
    INJUNCTION AGAINST ALL DEFENDANTS

# ORDER TO SHOW CAUSE

**TO DEFENDANTS LEXANI INTERNATIONAL, INC., DBA ASANTI; SERGIU ANCA; BLAGA PRECISION, INC.; and GAVRIL BLAGA:**

Based upon the Declaration of David Cramer in this action, you are ordered to appear on May 6 , 2013 at 9:30 (AM/PM in Department 2 of this Court located at 4050 Main Street, Riverside, CA 92501 to show cause why a preliminary injunction should not be ordered restraining and enjoining you and your employees and agents, or any other persons acting with you or on your behalf from directly or indirectly:

    a.    obtaining, accessing, using, retaining, utilizing or disclosing CRAMER ENGINEERING'S confidential, proprietary trade secret information;

    b.    accessing, retrieving, copying, transmitting or disseminating any and all hard copies or electronic data containing CRAMER ENGINEERING'S trade secrets and/or confidential information and/or any other CRAMER ENGINEERING'S data, documents or property; or

    c.    deleting, destroying, shredding, altering, erasing or otherwise modifying or causing or permitting anyone else to delete, destroy, shred, alter, erase or otherwise modify any CRAMER ENGINEERING'S confidential, proprietary trade secret information.

Furthermore, you are ordered to show cause why a preliminary injunction should not be ordered mandating:

    d.    the immediate disclosure and return to CRAMER ENGINEERING of all

2

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS

1   misappropriated materials, including all media and electronic storage devices

2   and virtual repositories; and

3   e.   Requiring the production of all electronic devices operated by the Defendants

4   for inspection to verify use, access, disclosure, printing, copying and return of

5   all CRAMER ENGINEERING property; and the production of all passwords

6   and links for all online storage areas utilized by the Defendants for inspection

7   and determination of the presence of CRAMER ENGINEERING'S

8   confidential, proprietary trade secret information.

9

10                      **TEMPORARY RESTRAINING ORDER**

11   Pending hearing on the Order to Show Cause, you and your employees and agents, or any

12   other persons acting with you or on your behalf are restrained and enjoined from:

13

14   a.   obtaining, accessing, using, retaining, utilizing or disclosing CRAMER

15   ENGINEERING'S confidential, proprietary trade secret information;

16   b.   accessing, retrieving, copying, transmitting or disseminating any and all hard

17   copies or electronic data containing CRAMER ENGINEERING'S trade

18   secrets and/or confidential information and/or any other CRAMER

19   ENGINEERING'S data, documents or property; or

20   c.   deleting, destroying, shredding, altering, erasing or otherwise modifying or

21   causing or permitting anyone else to delete, destroy, shred, alter, erase or

22   otherwise modify any CRAMER ENGINEERING'S confidential, proprietary

23   trade secret information.

*It is Further ordered that Plaintiff, Cramer Engineering, Inc.*

24   *shall post a $5,000 = Bond within 5 days of this order.*

25                      **IT IS FURTHER ORDERED THAT**

26   This Order to Show Cause and Temporary Restraining Order and supporting papers shall be

27   _____
                                3

28   [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
     INJUNCTION AGAINST ALL DEFENDANTS

1  served on the Defendants no later than ___N/A___ , 2013 by facsimile transmission. Proof of

2  Service shall be filed at least N/A court days prior to the hearing.

3       Any Opposition to the Order to Show Cause shall be filed and served on plaintiff by facsimile

4  transmission no later than _April 3_ , 2013. Any Reply papers to the opposition shall be filed and

5  served on defendant by facsimile transmission no later than _May 3_ , 2013.

6

7  Dated: April 22, 2013

          **M.P. PAULETTE D. BARKLEY**
8            Commissioner, Superior Court of
          **California, Riverside County**
          Judge of the Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                      4

28  [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
                    INJUNCTION AGAINST ALL DEFENDANTS

## PROOF OF SERVICE

*Cramer Engineering v. Lexani, et al.*                                    *Case Number RIC1304683*

   I am employed in the County Of Riverside, State of California; I am over the age of 18 and not a party to the within action; my business address is 495 East Rincon Street, Suite 125, Corona, California, 92879.

   On April 22, 2013, I served the foregoing document(s) described as:

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Gavril Blaga                              Nathan Fransen
Blaga Precision, Inc.                      FRANSEN & MOLINARO, LLP
11650 Seaboard Circle                     980 Montecito Drive, Suite 206
Stanton, CA 90680                         Corona, CA 92879
                                          Telephone: 951/520-9684
In-Pro-Per                                fax: 951/284-1089

                                          Attorneys for Lexani International, Inc. And Sergiu
                                          Anca.

[X]   (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Corona, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ]   (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[X]   (BY FACSIMILE)  See attached proof of transmission by fax.

Executed this 22nd day of April, 2013 at Corona, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                              LORA R PAPP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 831 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.