Nathan Fransen, SBN 242867
Paul J. Molinaro, SBN 242879
Fransen & Molinaro, LLP
980 Montecito Drive, Suite 206
Corona, CA  92879
Tel. (951)520-9684 / Fax (951)284-1089
nfransen@fransenandmolinaro.com
pmolinaro@fransenandmolinaro.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAMER ENGINEERING, INC., a California Corporation,<br><br>     Plaintiff,<br>  v.<br>LEXANI INTERNATIONAL, INC. DBA ASANTI, a California Corporation; SERGIU ANCA, an individual; BLAGA PRECISION, INC., a California Corporation; GAVRIL BLAGA, an individual; and DOES 1-100 Inclusive,<br><br>     Defendants.<br>_____ | Civil Action: ED CV13-00831 VAP<br>Judge: Hon. Virginia A. Phillips<br><br><br>**ANSWER OF DEFENDANTS**<br>**LEXANI INTERNATIONAL, INC.,**<br>**AND SERGIU ANCA** |

FRANSEN & MOLINARO, LLP
980 MONTECITO DRIVE, SUITE 206
CORONA, CA 92879
TEL. (951)520-9684

Defendants LEXANI INTERNATIONAL, INC., dba ASANTI (hereafter "Asanti") and SERGIU ANCA (hereafter "Anca") (hereafter collectively "Answering Defendants") answer Plaintiff CRAMER ENGINEERING, INC.'s (hereafter "Plaintiff") Complaint as follows:

1. Answering Defendants admit Paragraph 1 of Plaintiff's Complaint.
2. Answering Defendants admit Paragraph 2 of Plaintiff's Complaint.
3. Answering Defendants admit Paragraph 3 of Plaintiff's Complaint.
4. Answering Defendants lack information as to the status of Defendant Blaga Precision, Inc., and on that basis deny Paragraph 4 of Plaintiff's Complaint.
5. Answering Defendants lack information as to the status of Defendant Blaga Precision, Inc., and on that basis deny paragraph 5 of Plaintiff's Complaint.
6. Paragraph 6 of Plaintiff's Complaint cannot be affirmed or denied as written.
7. Answering Defendants deny Paragraph 7 of Plaintiff's Complaint in that it alleges unlawful practices and acts were committed.
8. Paragraph 8 of Plaintiff's Complaint cannot be affirmed or denied as written.

## GENERAL FACTS

9. Answering Defendants deny Paragraph 9 of Plaintiff's Complaint in its entirety.
10. Answering Defendants deny Paragraph 10 of Plaintiff's Complaint in that it describes the property located at 2652 Research Drive, Corona, CA 92882 (hereafter "Subject Property"), as having two separate suits and Asanti occupying only one of the two suites. Answering Defendants contend that the Subject Property is contiguous and has a dividing wall for the convenience of Asanti. Answering Defendants admit that the described partition wall was originally installed by Asanti.
11. Answering Defendants deny Paragraph 11 of Plaintiff's Complaint in its entirety.

12. Answering Defendants deny Paragraph 12 of Plaintiff's Complaint in its entirety.

13. Answering Defendants deny Paragraph 13 of Plaintiff's Complaint in its entirety.

14. Answering Defendants deny Paragraph 14 of Plaintiff's Complaint with respect to the allegation that Anca and a "hacker" broke into anything, or that anything was illegally downloaded. Answering Defendants presently do not have knowledge as to what was "captured on surveillance video" or examined and on that basis deny the portion alleging such.

15. Answering Defendants admits the portion of paragraph 15 of Plaintiff's Complaint that Anca was arrested on April 17, 2013 by the Corona Police Department although presently the district attorney's office has not yet filed a case. The remaining portions of paragraph 15 make allegations that Answering Defendants lack knowledge and information for and on that basis Answering Defendants deny those portions.

16. Answering Defendants deny Paragraph 16 of Plaintiff's Complaint in its entirety.

17. Answering Defendants deny the portions of Paragraph 17 of Plaintiff's Complaint that claim Anca broke in and committed theft or that Anca engaged in a forcible detainer of Plaintiff's space. Answering Defendants admit that locks were changed and areas of ingress and egress were temporarily blocked. Answering Defendants deny that they made any threats of violence or intimidation tactics. Answering Defendants lack information or understanding of the remaining portions of Paragraph 17 and on that basis deny those portions.

18. Answering Defendants admit the portions of Paragraph 18 that reference demands that were made by Plaintiff for immediate possession of the

premises. Answering Defendants deny the remaining portions as Plaintiff presently has full access of the referenced premises.

19. Answering Defendants deny Paragraph 19 of Plaintiff's Complaint in its entirety.

20. Answering Defendants admit the portion of Paragraph 20 of Plaintiff's Complaint that Asanti caused to be served a 3 day notice to pay or quit the premises on Plaintiff. Answering Defendants deny the remaining portions of Paragraph 20.

21. Answering Defendants deny Paragraph 21 of Plaintiff's Complaint in its entirety.

22. Answering Defendants deny Paragraph 22 of Plaintiff's Complaint in its entirety.

23. Paragraph 23 of Plaintiff's Complaint is a statement of the relief sought by Plaintiff and a statement as to why they need the described relief. Answering Defendants deny this Paragraph to the extent it makes any allegations as to Answering Defendants conduct. Answering Defendants lack information as to the motives of Plaintiff and on that basis deny the remaining portions of Paragraph 23 as well.

## FIRST CAUSE OF ACTION
## TRESPASS
### (Against ASANTI, ANCA and DOES 1-100)

24. As to Paragraph 24 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 23 set forth above as though fully set forth herein.

25. Answering Defendants deny Paragraph 25 of Plaintiff's Complaint in its entirety.

26. As to Paragraph 26 of Plaintiff's Complaint, Answering Defendants deny that they entered into "plaintiff's property". The entire "property" is leased

1  by Asanti and Answering Defendants contend that Plaintiff was formerly
2  occupying a portion of the Subject Property as a licensee, not a tenant.

27. As to Paragraph 27 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff did not give them permission but Answering Defendants do not believe they require permission of Plaintiff to enter the property.

28. Answering Defendants deny Paragraph 28 of Plaintiff's Complaint in its entirety.

29. Answering Defendants deny Paragraph 29 of Plaintiff's Complaint in its entirety.

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF QUIET ENJOYMENT
### (Against ASANTI, ANCA and DOES 1-100)

30. As to Paragraph 30 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 29 set forth above as though fully set forth herein.

31. Paragraph 31 of Plaintiff's Complaint is a general statement of law and does not contain any allegations to which Answering Defendants can admit or deny.

32. Paragraph 32 of Plaintiff's Complaint is a general statement of law and does not contain any allegations to which Answering Defendants can admit or deny.

33. Answering Defendants deny Paragraph 33 of Plaintiff's Complaint in its entirety.

34. Answering Defendants deny Paragraph 34 of Plaintiff's Complaint in its entirety.

## THIRD CAUSE OF ACTION
## WRONGFUL EVICTION
### (Against ASANTI, ANCA and DOES 1-100)

35. As to Paragraph 35 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 34 set forth above as though fully set forth herein.

36. Answering Defendants deny Paragraph 36 of Plaintiff's Complaint in its entirety.

37. Answering Defendants deny Paragraph 37 of Plaintiff's Complaint in its entirety.

38. Answering Defendants deny Paragraph 38 of Plaintiff's Complaint in its entirety.

39. Answering Defendants deny Paragraph 39 of Plaintiff's Complaint in its entirety.

## FOURTH CAUSE OF ACTION
## THEFT OF TRADE SECRETS
### (Against All Defendants)

40. As to Paragraph 40 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 39 set forth above as though fully set forth herein.

41. As to Paragraph 41 of Plaintiff's Complaint, Answering Defendants lack sufficient information as to whether Plaintiff was in possession of trade secret information as defined by California's Uniform Trade Secret Act, and on that basis deny that portion of the paragraph. Answering Defendants deny that they, along with a computer "hacker" broke into Plaintiff's premises and stole proprietary trade secret information from Plaintiff's computer. As to the remaining portions of Paragraph 41, Answering Defendants lack sufficient knowledge as to whether the allegations are true and on that basis deny them.

42. Answering Defendants deny Paragraph 42 of Plaintiff's Complaint in its entirety.

43. Answering Defendants deny Paragraph 43 of Plaintiff's Complaint in its entirety.
44. Answering Defendants deny Paragraph 44 of Plaintiff's Complaint in its entirety.
45. Answering Defendants deny Paragraph 45 of Plaintiff's Complaint in its entirety.
46. Answering Defendants deny Paragraph 46 of Plaintiff's Complaint in its entirety.
47. As to Paragraph 47 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff seeks temporary, preliminary and permanent injunctive relief. Answering Defendants deny all other portions of Paragraph 47.
48. Answering Defendants deny Paragraph 48 of Plaintiff's Complaint in its entirety.

## **FIFTH CAUSE OF ACTION**
## **COPYRIGHT INFRINGEMENT**
### (Against All Defendants)

49. As to Paragraph 49 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 48 set forth above as though fully set forth herein.
50. As to Paragraph 50 of Plaintiff's Complaint, Answering Defendants lack sufficient information and knowledge as to the allegations contained therein, and on that basis deny them entirely.
51. Answering Defendants deny Paragraph 51 of Plaintiff's Complaint in its entirety.
52. Answering Defendants deny Paragraph 52 of Plaintiff's Complaint in its entirety.
53. Answering Defendants deny Paragraph 53 of Plaintiff's Complaint in its entirety.

54. Answering Defendants deny Paragraph 54 of Plaintiff's Complaint in its entirety.

## SIXTH CAUSE OF ACTION
## CONVERSION
## (Against ASANTI, ANCA and DOES 1-100)

55. As to Paragraph 55 of Plaintiff's Complaint, Answering Defendants incorporate paragraphs 1 through 54 set forth above as though fully set forth herein.

56. Answering Defendants admits Paragraph 56 of Plaintiff's Complaint in its entirety.

57. Answering Defendants deny Paragraph 57 of Plaintiff's Complaint in its entirety.

58. Answering Defendants deny Paragraph 58 of Plaintiff's Complaint in its entirety.

59. Answering Defendants deny Paragraph 59 of Plaintiff's Complaint in its entirety.

60. Answering Defendants deny Paragraph 60 of Plaintiff's Complaint in its entirety.

61. Answering Defendants deny Paragraph 61 of Plaintiff's Complaint in its entirety.

As separate and distinct affirmative defenses to Plaintiff's Complaint on file in this action, Answering Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State Cause of Action)

62. The allegations of the Complaint fail to state facts sufficient to constitute a cause of action against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE
## (Comparative Negligence)

63. Plaintiff is barred from any recovery or relief on the basis that its own negligence was the sole and proximate cause of any damages it may have sustained, or will sustain, by Plaintiff's own negligence, but in the event a determination is made that negligence exists on the part of Answering Defendants which proximately contributed to Plaintiff's damages, if any, the amount of recovery, if any, of Plaintiff shall be reduced and/or apportioned on the basis of Plaintiff's own comparative negligence.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

64. Each and every cause of action alleged against Answering Defendants is barred in their entirety by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Superseding Action of Third Parties)

65. The damages alleged in each cause of action were exclusively caused, or contributed to, by the acts or omissions of other entities (whether named as Defendants, or persons or entities not named as Defendants, whether parties to this action or not, whether served or unserved) other than Answering Defendants, and those actions or omissions by those other entities were an intervening and/or superseding cause of injuries and damages, if any, and that such superseding forces are unforeseeable independent intervening actions breaking the chain of causation and barring recovery by Plaintiff against Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

66. Answering Defendants are informed and believe, and upon that information and belief, allege that had Plaintiff taken reasonable steps toward mitigating its losses, it would not have suffered the damages allegedly sustained by reason of Answering Defendants alleged acts and omissions and Plaintiff's

right to recover damages are barred or diminished accordingly.

## SIXTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

67. As to each cause of action alleged in the Complaint, Plaintiff, was aware of and appreciated the risks of occupancy and ensuing problems, but never-the-less Plaintiff assumed the potential liability of loss; Plaintiff's assumption of this risk bars any recovery herein or diminishes Plaintiff's recovery to the extent Plaintiff's damages are attributed to its own assumption of the risk.

## SEVENTH AFFIRMATIVE DEFENSE
### (Absence of Actual Causation)

68. Answering Defendants alleges that any and all damages or injuries alleged by Plaintiff were not actually caused by, and are not the result of, acts or omissions by Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

69. As to each cause of action alleged in the Complaint, Plaintiff is estopped from seeking relief due to Plaintiff's own acts or omissions with reference to the subject matter of the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Not Responsible for Acts of Does)

70. Answering Defendants are not legally responsible for the acts and/or omissions of those Defendants named herein as Does 1 through 100, inclusive.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

71. The Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of the alleged conduct of Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

72. Plaintiff should be estopped from seeking any relief because of its own wrongful/willful conduct.

## TWELFTH AFFIRMATIVE DEFENSE
### (Absence of Proximate Causation)

73. Answering Defendants allege that any and all damages or injuries alleged by Plaintiff were not proximately caused by, and are not the result of, acts or omissions by Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

74. Plaintiffs have failed to abide by the statutes of limitation applicable to their Complaint, including but not limited to those limitation periods set forth in California Code of Civil Procedure, Sections 337, 338 and 339.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

75. Plaintiff's Complaint and/or each and every purported cause of action contained therein, is barred because Plaintiff would be unjustly enriched if he prevailed on this Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

76. Plaintiff's Complaint, and/or each and every cause of action contained therein, is barred by Plaintiff's ratification of the actions allegedly undertaken.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Consent)

77. Plaintiff's Complaint and/or each and every cause of action contained therein, is barred by Plaintiff's consent.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Fraudulent Conduct)

78. Plaintiff's Complaint and/or each and every claim for relief contained therein, is barred by virtue of fraudulent conduct of the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

79. As discovery has not yet been completed, Answering Defendants respectfully reserve their right to amend and state additional affirmative defenses that have not been plead as of this time.

### PRAYER

THEREFORE, Answering Defendants pray that:

1. Plaintiff take nothing by reason of its Complaint;
2. Answering Defendants be awarded costs of suit and reasonable attorneys' fees.
3. For such other and further relief as the Court may deem just and proper.


Dated:  May 9, 2013          FRANSEN & MOLINARO, LLP

                              /s/ Nathan Fransen
                             Nathan Fransen
                             Attorneys for Defendants Lexani International, Inc.
                             and Sergiu Anca

FRANSEN & MOLINARO, LLP
980 MONTECITO DRIVE, SUITE 206
CORONA, CA 92879
TEL. (951)520-9684

# **PROOF OF SERVICE**

<u>STATE OF CALIFORNIA, COUNTY OF RIVERSIDE</u>

I, <u>Lorri Jolly</u>, certify and declare as follows:

I am a employed in the County of Riverside, State of California. I am over the age of eighteen (18) years and not a party to the within entitled action. My business address is 980 Montecito Drive, Suite 206, Corona, California, 92879.

On **May 10, 2013**, I served the foregoing documents described as:

### 1. ANSWER

on the interested parties in this action by placing the original and/or a true copy thereof enclosed in a sealed envelope, addressed as follows:

> **Attorney Eric Papp**
> **Law Offices of Eric Michael Papp**
> **495 East Rincon Street, Suite 125**
> **Corona, CA 92879**

I deposited such envelope with postage fully prepaid in the mail at 980 Montecito Drive, Suite 206, Corona, California.

I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Post Office; such correspondence would be deposited with United States Post Office the same day of deposit with postage thereon fully prepaid at Corona, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2013, at Corona, California.


/s/ Lorri Jolly

Lorri Jolly

Answer of Lexani and Anca
(<u>Cramer Engineering v. Lexani International, Inc.</u>)