LAW OFFICES OF ERIC MICHAEL PAPP
Eric Michael Papp, CSB No.: 180077
495 East Rincon Street, Suite 125
Corona, CA 92879
Tel (951) 279-6700
Fax (951) 279-6716

Attorneys for Plaintiff and Counter-Defendant
CRAMER ENGINEERING, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| CRAMER ENGINEERING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEXANI INTERNATIONAL, INC., DBA ASANTI, a California Corporation; SERGIU ANCA, an individual; BLAGA PRECISION, INC., a California Corporation; GAVRIL BLAGA, an individual; and DOES 1-100, Inclusive,<br><br>Defendants.<br><br>_____<br><br>LEXANI INTERNATIONAL, INC., DBA ASANTI, a California Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>CRAMER ENGINEERING, INC., a California Corporation, and ROES 1-10,<br><br>Counter-Defendants.<br>_____ | Case No.: 5:13-cv-00831-VAP<br><br>**ANSWER OF CRAMER ENGINEERING, INC. TO FIRST AMENDED COUNTER- COMPLAINT OF LEXANI INTERNATIONAL, INC.**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

1

ANSWER OF CRAMER ENGINEERING, INC. TO FIRST AMENDED COUNTER-COMPLAINT OF LEXANI
INTERNATIONAL, INC.

Counter-Defendant, CRAMER ENGINEERING, INC. (hereinafter "Counter-Defendant" or "Cramer"), hereby responds to the allegations of the First Amended Counter-Complaint of Lexani International, Inc. as follows:

1. In answering paragraphs 1 through 3 of the First Amended Counter-Complaint, the Counter-Defendant admits the geographical and corporate assertions.

2. In answering paragraphs 4 through 5 of the First Amended Counter-Complaint, those paragraphs contain only legal conclusions to which no response is required. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 4 through 5 of the First Amended Counter-Complaint.

3. In answering paragraph 6 of the First Amended Counter-Complaint, the Counter-Defendant admits that Asanti is in the business of manufacturing rims for cars. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 6 of the First Amended Counter-Complaint.

4. In answering paragraph 7 of the First Amended Counter-Complaint, the Counter-Defendant admits the allegations contained therein.

5. In answering paragraph 8 of the First Amended Counter-Complaint, the Counter-Defendant admits that it cut wheels and returned the product to Asanti. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 8 of the First Amended Counter-Complaint.

6. In answering paragraph 9 of the First Amended Counter-Complaint, the Counter-Defendant admits that large machines are used to cut the wheels. However, the designs, codes and programs are created and owned solely by Cramer. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 9 of the First Amended Counter-Complaint.

7 In answering paragraph 10 of the First Amended Counter-Complaint, the Counter-Defendant admits that the programers are under Cramer employ and the designs, codes and programs are created and owned solely by Cramer. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 10 of the First Amended Counter-Complaint.

1    8.    In answering paragraph 11 of the First Amended Counter-Complaint, the Counter-Defendant admits that Asanti paid for some services and had direct communication with Cramer programers.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 11 of the First Amended Counter-Complaint.

     9.    In answering paragraph 12 of the First Amended Counter-Complaint, the Counter-Defendant admits that in approximately 2009, Asanti made a tenancy available in Asanti's building for Cramer.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 12 of the First Amended Counter-Complaint.

     10.   In answering paragraph 13 of the First Amended Counter-Complaint, the Counter-Defendant admits that in approximately 2009, Cramer accepted the tenancy and moved into the subject property.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 13 of the First Amended Counter-Complaint.

     11.   In answering paragraph 14 of the First Amended Counter-Complaint, the Counter-Defendant admits that it has been a tenant of the subject property from approximately 2009 to the present.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 14 of the First Amended Counter-Complaint.

     12.   In answering paragraph 15 of the First Amended Counter-Complaint, the Counter-Defendant is uncertain about what is meant by a "majority" of its work, but admits that it did do work for Asanti during 2009 through 2013.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 15 of the First Amended Counter-Complaint.

     13.   In answering paragraph 16 of the First Amended Counter-Complaint, the Counter-Defendant admits that a dividing wall was erected by Asanti, but said wall was erected before the tenancy of Cramer and was erected to define the two "Suites" which were and remain named "A" and "B" respectively.  Otherwise, the Counter-Defendant denies each and every allegation in paragraph 16 of the First Amended Counter-Complaint.

     14.   In answering paragraph 17 of the First Amended Counter-Complaint, the Counter-Defendant admits that it occupies Suite "A" of the subject property.  Otherwise, the Counter-

Defendant denies each and every allegation in paragraph 17 of the First Amended Counter-Complaint.

15. In answering paragraph 18 of the First Amended Counter-Complaint, the Counter-Defendant denies each and every allegation in paragraph 18 of the Counter-Complaint.

16. In answering paragraphs 19 through 21 of the First Amended Counter-Complaint, the Counter-Defendant denies each and every allegation in paragraphs 19 through 21 of the First Amended Counter-Complaint.

17. In answering paragraph 22 of the First Amended Counter-Complaint, the Counter-Defendant admits that a meeting took place. However, as Mr. Anca attempted to extort, threaten and bully Mr. David Cramer of Cramer, no agreement was made between the parties regarding any matter whatsoever. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 22 of the First Amended Counter-Complaint.

18. In answering paragraph 23 of the First Amended Counter-Complaint, the Counter-Defendant admits there was no agreement and also advised Mr. Anca that due to various factors listed above, that Cramer would no longer be doing any work for Asanti. Otherwise, the Counter-Defendant denies each and every allegation in paragraph 23 of the First Amended Counter-Complaint.

23. In answering paragraphs 24 through 25 of the First Amended Counter-Complaint, the Counter-Defendant admits that Asanti, by and through its owner, Mr. Anca, engaged in a forcible detainer of the subject property which resulted in a complaint filed in this action. (See Complaint, First Cause of Action, Trespass; Second Cause of Action, Breach of Quiet Enjoyment; and Third Cause of Action, Wrongful Eviction). Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 24 through 25 of the First Amended Counter-Complaint.

24. In answering paragraphs 26 through 28 of the First Amended Counter-Complaint, the Counter-Defendant denies each and every allegation in paragraphs 26 through 28 of the First Amended Counter-Complaint. Further, on or about April 10, 2013, Asanti served a "3 Day Notice to Pay Rent or Quit" on Cramer, thereby admitting the tenancy of Cramer.

25. In answering paragraphs 29 through 30 of the First Amended Counter-Complaint, the Counter-Defendant asserts liens on said materials and has offered to release the same upon payment in full which Asanti has refused. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 29 through 30 of the First Amended Counter-Complaint.

26. In answering paragraphs 31 through 32 of the First Amended Counter-Complaint, the Counter-Defendant denies each and every allegation in paragraphs 31 through 32 of the First Amended Counter-Complaint. However, Cramer admits that Mr. Anca was arrested for the break-in at the subject property; and for the "hacking" and theft of intellectual property owned by Cramer and is currently out on bail for the same said criminal offenses.

27. In answering paragraph 33 of the First Amended Counter-Complaint, the Counter-Defendant herein incorporates by reference the Counter-Defendant's responses to paragraphs 1 through 26 above.

28. In answering paragraphs 34 through 37 of the First Amended Counter-Complaint, the Counter-Defendant admits that Cramer is a tenant of Suite "A" of the subject property and that after Asanti illegally ousted Cramer by engaging in a forcible detainer and changing the locks to Suite "A," Cramer regained possession of Suite "A" on or about April, 2013. Counter-Defendant is legally privileged to forcibly enter its own property. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 34 through 37 of the First Amended Counter-Complaint.

29. In answering paragraph 38 of the First Amended Counter-Complaint, the Counter-Defendant herein incorporates by reference the Counter-Defendant's responses to paragraphs 1 through 28 above.

30. In answering paragraphs 39 through 42 of the Counter-Complaint, those paragraphs contain only legal conclusions to which no response is required. However, Counter-Defendant admits that Cramer is a tenant of Suite "A" of the subject property and cannot "trespass" on its own property. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 39 through 42 of the First Amended Counter-Complaint.

31. In answering paragraph 43 of the First Amended Counter-Complaint, the Counter-

5
ANSWER OF CRAMER ENGINEERING, INC. TO FIRST AMENDED COUNTER-COMPLAINT OF LEXANI INTERNATIONAL, INC.

Defendant herein incorporates by reference the Counter-Defendant's responses to paragraphs 1 through 30 above.

32. In answering paragraphs 44 through 55 of the First Amended Counter-Complaint, those paragraphs contain only legal conclusions to which no response is required. Further, Asanti's claims of "inventory," "materials" and "tools" are vague in that no items are described with any particularity nor has title to any such property ever been provided. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 44 through 55 of the First Amended Counter-Complaint.

33. In answering paragraph 56 of the First Amended Counter-Complaint, the Counter-Defendant herein incorporates by reference the Counter-Defendant's responses to paragraphs 1 through 32 above.

34. In answering paragraph 57 of the First Amended Counter-Complaint, the Counter-Defendant lacks knowledge or information sufficient to form a belief as to the allegations, and on that basis, the Counter-Defendant denies each and every allegation in paragraph 57 of the First Amended Counter-Complaint.

35. In answering paragraphs 58 through 61 of the First Amended Counter-Complaint, those paragraphs contain only factual and legal conclusions to which no response is required. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 58 through 61 of the First Amended Counter-Complaint.

36. In answering paragraphs 62 through 73 of the First Amended Counter-Complaint, the Counter-Defendant herein denies the legal validity of the Note. Moreover, the UCC 1 filing by Asanti is fallacious and has damaged Cramer. Additionally, paragraphs 62 through 73 of the Counter-Complaint, contain only factual and legal conclusions to which no response is required. Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 62 through 73 of the First Amended Counter-Complaint.

37. In answering paragraph 74 of the First Amended Counter-Complaint, the Counter-Defendant herein incorporates by reference the Counter-Defendant's responses to paragraphs 1

through 36 above.

38.     In answering paragraphs 75 through 80 of the First Amended Counter-Complaint, the Counter-Defendant herein denies making any such statements.  Additionally, paragraphs 75 through 80 of the First Amended Counter-Complaint, contain only factual and legal conclusions to which no response is required.   Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 75 through 80 of the First Amended Counter-Complaint.

39.     In answering paragraphs 81 through 87 of the First Amended Counter-Complaint, the Counter-Defendant herein denies that any computer programs or other written materials or designs created by Cramer fall under the "Works Made for Hire" doctrine.  Moreover, Cramer specifically claims copyrights on all of its computer programs and other written materials and designs and has filed a complaint herein asserting such rights. (See Complaint, Fifth Cause of Action, Copyright Infringement.)  Otherwise, the Counter-Defendant denies each and every allegation in paragraphs 81 through 87 of the First Amended Counter-Complaint.

40.     The balance of the Counter-Complaint contains Counter-Complainant's request for relief for which no response is required.  However, the Cross-Defendant denies that the Counter-Complainant is entitled to any relief whatsoever.

41.     The Counter-Defendant hereby, generally and specifically, denies any allegations of Counter-Complainant's First Amended Counter-Complaint not otherwise answered herein.

Moreover, the Counter-Defendant hereby alleges as follows:

### First Affirmative Defense

Counter-Complainant's Counter-Complaint fails to state a claim upon which relief may be granted against this answering Counter-Defendant.

### Second Affirmative Defense

That Counter-Complainant is estopped from asserting any claims under its First and Second Causes of Action in its Counter-Complaint because Counter-Complainant served a 5 Day Notice to Pay or Quit which admits that Cramer is a tenant of the subject premises.

///

### Third Affirmative Defense

That Counter-Complainant is estopped from asserting any claims under its Third Cause of Action in its Counter-Complaint because Counter-Complainant maintains a storage and mechanic's lien on any such property, if any, which precludes release until payment is made in full. Moreover, Counter-Complainant claims of "inventory," "materials" and "tools" are vague in that no items are described with any particularity nor has title to any such property ever been provided, therefor Counter-Complainant is estopped from asserting any such ownership claims.

### Fourth Affirmative Defense

The Counter-Defendants reserve the right to plead any other affirmative defenses if any others should arise and become apparent and will seek to amend their pleadings accordingly.

### Counter-Defendants' Prayer for Relief

WHEREFORE, the Counter-Defendants respectfully request the following relief:

1. That Counter-Complainant be denied the relief requested in the Counter-Complaint;
2. For attorneys fees and costs; and
3. For such other relief as this Court finds just and proper.

Dated: January 9, 2014  LAW OFFICES OF ERIC MICHAEL PAPP

_/s/_
ERIC MICHAEL PAPP
Attorneys for Plaintiff and Counter-Defendant, CRAMER ENGINEERING, INC.

///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 9, 2014      LAW OFFICES OF ERIC MICHAEL PAPP

_/s/_
ERIC MICHAEL PAPP
Attorneys for Plaintiff and Counter-Defendant, CRAMER ENGINEERING, INC.

ANSWER OF CRAMER ENGINEERING, INC. TO FIRST AMENDED COUNTER-COMPLAINT OF LEXANI INTERNATIONAL, INC.